[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11535
Non-Argument Calendar
_____

BIA No. A98-320-389

GEORGE NAPOLEON GAUBAULT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 15, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

George Napoleon Gaubault, a Jamaican native and citizen, petitions for review of the Bureau of Immigration Appeals' ("BIA") affirmation of the Immigration Judge's ("IJ") order of removal. The IJ found Gaubault removable after Gaubault, initially electing to proceed pro se, admitted that he remained in the United States for a time longer than permitted following his entry on June 10, 1997. He also filed an application for asylum and withholding of removal, which the IJ set for a subsequent hearing. Before the hearing on his application, Gaubault retained counsel. Gaubault then moved to continue the hearing and for leave to file for cancellation of removal, alleging that he qualified for cancellation based on his continuous presence in the United States since his first arrival in 1987.

The IJ denied the motion to continue on the ground that Gaubault failed to establish prima facie entitlement to seek cancellation of removal. The BIA dismissed Gaubault's appeal, finding no reason to disturb the IJ's finding that Gaubault was not entitled to a continuance. On appeal, Gaubault argues that the IJ erroneously denied his motion because he established good cause for a continuance and that, by barring him from applying for relief, the IJ violated his due process rights.[1] For the reasons set forth more fully below, we deny the petition.

---

[1] Gaubault argues that we should review the IJ's opinion because the BIA's decision was tantamount to an affirmance without opinion. We disagree. Because the BIA neither expressly adopted the IJ's decision nor entered an affirmance without opinion as contemplated under 8 C.F.R. § 1003.1(e)(4), we review the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003); 8

We review the denial of a motion to continue for abuse of discretion. <u>Zafar v. U.S. Att'y Gen.</u>, No. 04-16613, manuscript op. at 11 (11th Cir. Aug. 24, 2006). We review constitutional challenges <u>de novo</u>. <u>Lonyem v. U.S. Att'y Gen.</u>, 352 F.3d 1338, 1341 (11th Cir. 2003).

An IJ may grant a motion to continue "for good cause shown." 8 C.F.R. § 1003.29. A non-permanent resident alien in removal proceedings can apply for cancellation of removal if the alien (1) has been continuously present in the United States for at least ten years; (2) has been of good moral character during that period; (3) has not been convicted of certain offenses; and (4) establishes that removal would result in extreme hardship to a citizen or permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b), Immigration and Nationality Act ("INA") § 240A(b). "The Attorney General . . . has discretion to cancel the removal of a non-permanent resident if that alien" meets these statutory criteria. <u>Gonzalez-Oropeza v. U.S. Att'y Gen.</u>, 321 F.3d 1331, 1332 (11th Cir. 2003). A continuous presence is not maintained if the alien departs from the United States for any period over 90 days or for any aggregated periods over 180 days. 8 U.S.C. § 1229b(d)(2), INA § 240A(d)(2). Moreover, the period ends when the alien is

C.F.R. § 1003.1(e)(4).

      Gaubault also argues that the IJ failed to make adequate findings because the IJ did not adequately develop the record and that the IJ mischaracterized the nature of his motion. As Gaubault did not exhaust these issues before the BIA, we lack jurisdiction to consider them. 8 U.S.C. § 1252(d)(1); <u>Sundar v. I.N.S.</u>, 328 F.3d 1320, 1323 (11th Cir. 2003).

served with a notice to appear. 8 U.S.C. § 1229b(d)(1), INA § 240A(d)(1).

In his asylum application, Gaubault listed June 10, 1997, as the date he left Jamaica and the only date on which he entered the United States. The only documentary evidence Gaubault presented that, standing alone, indicated that he had been in the United States prior to 1997 was evidence that he obtained a Florida driver's license on December 1, 1995. Gaubault's notice to appear was served on June 17, 2004, less than ten years after the driver's license was issued and, therefore, the license provides insufficient evidence to demonstrate ten years' continuous presence as required for cancellation of removal. 8 U.S.C. § 1229b(d)(1), INA § 240A(d)(1). The remaining evidence in support of Gaubault's prior entry into the United States consists of his allegation that he came to the United States in 1987 and a bank transaction receipt from 1993. However, the receipt did not contain any information as to the identity of the account holder.

In light of Gaubault's asylum application, the IJ did not abuse his discretion in declining to find that Gaubault's assertion and his documentary evidence set forth a prima facie case of eligibility for cancellation of removal. Although Gaubault claims that the dates of his previous entries into the United States were inadvertently omitted from the application, the application contains other inconsistencies with his claim. The only residential address Gaubault listed prior to 1997 is in Jamaica. According to the application, Gaubault was a waiter at one

4

Jamaican business from May 1981 to October 1990 and a waiter at a second Jamaican business from December 1990 to July 1997. The statement Gaubault provided with his application makes no mention of coming to the United States at any time other than 1997. In addition, in support of his motion for a continuance, Gaubault, through counsel, stated that he had gone back to Jamaica since 1987 and admitted entering the United States in 1990 and 1997. Viewed as a whole, these facts are inconsistent with a finding that Gaubault satisfied the continuous presence requirement of 8 U.S.C. § 1229b(b)(1)(A), INA § 240A(b)(1)(A).

On appeal before the BIA, Gaubault submitted no further documentation in support of his claim of continuous presence and, aside from stating that he resided in the United States since 1987 except for "some casual visits" to Jamaica, he offered no details of when he departed the United States and how long he remained in Jamaica before returning. Because the IJ did not abuse his discretion and Gaubault did not make a showing before the BIA to counter the problems created by his asylum application with establishing a continuous presence, the BIA likewise did not abuse its discretion in finding no reason to set aside the IJ's ruling.

We also deny Gaubault's due process claim. Cancellation of removal is a form of discretionary relief. See Gonzalez-Oropeza, 321 F.3d at 1332. Gaubault has no constitutionally protected right to discretionary relief. Zafar, No. 04-16613, manuscript op. at 24. Accordingly, his claim that the inability to apply for

5

cancellation of removal resulting from the denial of a continuance violated his due process rights fails. <u>Id.</u> at 23-24 (holding that the denial of a motion to continue to allow aliens to meet the requirements for the discretionary relief of adjustment of status did not violate due process).

In light of the foregoing, Gaubault's petition for review is denied.

**PETITION DENIED.**